UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00480-FDW-DSC

| | |
|---|---|
| UNITED CANVAS & SLING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY OF THE MIDWEST and ) | |
| SWIMMER INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendant Hartford Casualty Insurance Company of the Midwest's ("Defendant Hartford's") Motion to Quash Jury Demand. (Doc. No. 28). For the reasons stated herein, this motion is GRANTED.

On February 23, 2015, Defendant Hartford moved the Court to quash the jury demand asserted by Defendant Swimmer Insurance Agency (Defendant Swimmer) as to the claims against Defendant Hartford. In its Answer, Defendant Swimmer demanded a trial by jury based upon all issues raised in the pleadings in this case. (Doc. No. 12). Plaintiff has not requested a jury trial. (Doc. No. 1-1). Defendant Swimmer has not responded to Defendant Hartford's Motion to Quash Jury Demand, and the time for such response has expired.

The two claims asserted by Plaintiff against Defendant Hartford are for breach of contract (Plaintiff's First Claim for Relief) and declaratory judgment (Plaintiff's Second Claim for Relief). See Plaintiff's Complaint ("Compl."). (Doc. No. 1-2). Plaintiff's Third Claim for Relief,

1

Negligence/Negligent Misrepresentation, is asserted against Defendant Swimmer and is not at issue in the present motion.

It is well established that Congress has not provided for the right to a jury trial in actions against the Federal Emergency Management Agency ("FEMA") or a Write-Your-Own ("WYO") Company participating in the National Flood Insurance Program ("NFIP"). See Reeder v. Nationwide Mut. Fire Ins. Co., 419 F. Supp. 2d 750 (D. Md. 2006) (citing 42 U.S.C. § 4072; Bleecker v. Standard Fire Ins. Co., 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000); Kolner v. Director, FEMA, 547 F. Supp. 828, 830 (N.D. Ill. 1982); Latz v. Gallagher, 550 F. Supp. 257 (D.C. Mich. 1982)). Because claim payments under a Standard Flood Insurance Policy, such as the policy issued by Defendant Hartford to Plaintiff at issue in this case, are paid by the United States Treasury, rather than by the WYO Company, which merely acts as a servicing agent for FEMA under the WYO Program, any judgment for Plaintiff on its breach of contract or declaratory judgment claims would result in a direct charge of the public treasury. See Davis v. Nationwide Mut. Fire Ins. Co., 2011 WL 1792595, at *11 (E.D. Va. May 5, 2011) (citing Studio Frames, Ltd. V. Standard Fire Ins. Co., 483 F.3d 239, 252 (4th Cir. 2007)). Accordingly, there is no right to a jury trial with respect to these two claims asserted against Defendant Hartford. As such, Defendant's Motion to Quash Jury Demand is GRANTED.

IT IS SO ORDERED.

Signed: March 26, 2015

Frank D. Whitney
Chief United States District Judge